UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEYMOSHON D. WASHINGTON** | **CIVIL ACTION NO. 22-1499** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **PROBATION AND PAROLE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Keymoshon D. Washington, a prisoner at Richland Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately June 2, 2022, under 42 U.S.C. § 1983. He names the following defendants: "Probation and Parole" and Probation and Parole Officer Edward Esters.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that although his "probation ended June 28, 2021[,]" "Probation and Parole" arrested him on March 7, 2022, for allegedly violating his probation. [doc. # 1, p. 3]. He claims that "Probation and Parole Officer Edward Esters violated [his] constitutional right to due process of law . . . ." *Id.* He alleges that Officer Esters "didn't follow the guidelines of the Louisiana Statutory Criminal Law and Procedure Articles 898, 899, [and] 900." [doc. # 8, p. 1]. Plaintiff adds that he "feel[s]" that "probation and parole discriminated against [him] because" he knows of other cases like his where the probationers are "free." *Id.* at 2.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff had a probation revocation/violation hearing on July 13, 2022. *Id.* at 1. His probation was revoked, and he was ordered "to serve three years." *Id.* at 1-2.

Plaintiff seeks release from incarceration and $80,000.00 for lost "life opportunities resulting from the time spent incarcerated . . . ." [doc. # 1, p. 4].

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Habeas Corpus**

Plaintiff seeks release from confinement. Habeas corpus relief is unavailable through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may pursue release from confinement in a habeas corpus action. The undersigned cautions that Plaintiff must first exhaust all his available *state court* remedies before he may obtain habeas corpus relief in this Court.

**3. "Probation and Parole"**

Plaintiff names "Probation and Parole" as a defendant.

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities

are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[3]

Further, "State agencies . . . are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (*quoting Will*, 491 U.S. at 71).

The Louisiana Department of Public Safety and Corrections and one of its divisions, the Division of Probation and Parole,[4] are state agencies. Thus, they are not "persons" under Section 1983. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and [Department of Public Safety and Corrections] are not persons . . . ."); *Allemang v. Louisiana Through Dep't of Pub. Safety (Louisiana Off. of State Police, Troop D)*, 2022 WL 3226620, at *4 (5th Cir. Aug. 10, 2022) (finding that the Louisiana State Police Department, which is a "sub-unit" of the Louisiana Department of Public Safety, was not a "person" and was consequently not a cognizable defendant).

Accordingly, the Court should dismiss Plaintiff's claims against Probation and Parole.

**4. *Heck v. Humphrey***

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court should dismiss Plaintiff's remaining claims against Probation and Parole Officer Edward Esters.

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 477. *Heck* applies in the context of probation

---

[3] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (internal quotation marks and quoted sources omitted).

[4] *See* LA. REV. STAT. § 36:401.

and parole violations. *See Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question. His claims are barred by *Heck* and, thus, have no arguable merit."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Here, Plaintiff appears to fault Officer Esters for either failing to correctly calculate his probation time before or after he was arrested on March 7, 2022, failing to correct a non-party's miscalculation of his probation time, revoking his probation, or moving to revoke his probation. Prevailing on any of these theories would necessarily imply the invalidity of the order or judgment revoking his probation. *See Adongo v. Texas*, 124 F. App'x 230, 232 (5th Cir. 2005) (finding, where the plaintiff claimed that he was denied due process during his revocation proceedings, that *Heck* barred his claims because a favorable ruling "would call into question the validity of the judgment that revoked [his] probation."); *McCollum v. Lewis*, 852 F. App'x 117, 122 (5th Cir. 2021) (finding, where the plaintiff claimed that his probation officer denied modifications to his community supervision, that *Heck* barred his claim because his "challenge implies that it would have been unlawful for a Texas state court to revoke [his] supervision . . . .").[5]

To the extent Plaintiff alleges that Officer Esters falsely arrested him, *Heck* bars this claim as well because prevailing would necessarily imply the invalidity of the conviction and/or sentence on the charge or violation for which Plaintiff was arrested. "'[F]alse arrest . . . claims

---

[5] *See also Thomas v. Epps*, 534 F. App'x 231, 232 (5th Cir. 2013); *Cougle v. Cty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Lenard v. Mississippi*, 2007 WL 2873140, at *2 (S.D. Miss. Sept. 26, 2007).

challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (*quoting Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[6]

Plaintiff may not seek relief until the judgment or order revoking his probation is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Keymoshon D. Washington's claims against "Probation and Parole" be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** to his right to pursue the relief in a separate habeas corpus proceeding after he exhausts all his state remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be

---

[6] *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

**DISMISSED WITH PREJUDICE** as frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of September, 2022.

                                             _____
                                             Kayla Dye McClusky
                                             United States Magistrate Judge